[Cite as *State v. Elliott*, 2013-Ohio-5753.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| vs. | : | |
| | : | Case Nos. 2013 AP 07 0028 |
| LEROY ELLIOTT, III | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                              Case No. 2012 CR 10 0258


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       December 23, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RYAN STYER                            DEREK LOWRY
PROSECUTING ATTORNEY                  116 Cleveland Avenue NW
MICHAEL J. ERNEST                     Suite 800
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio  44663

*Wise, J.*

{¶1} Appellant Leroy Elliott, III, appeals the trial court's denial of his motion to suppress.

{¶2} Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} On July 23, 2012, officers received a phone call from a Melvin McVey stating that he was an employee of Frontier Propane, a propane company which services Appellant's property. (T. at 2-3; Affidavit for Search Warrant). Mr. McVey alleged that he was at Appellant's home investigating a gas leak a week prior to his call. (T. at 3). Mr. McVey reported to the police that while he was in the basement, he saw a room with powerful lights and he smelled marijuana. (T. at 4). Mr. McVey expressed concern that the marijuana would enter his system and cause him to fail his next random drug screen required by his employer. (T. at 4).

{¶4} On July 24, 2012, Det. Jeff Moore with the Tuscarawas County Sheriff's Detective filed an Affidavit for a search warrant for Appellant's residence. The Affidavit of Det. Moore provided that he was notified by Melvin McVey of a possible grow operation at Appellant's residence at 7562 Elliott Road SW, Newcomerstown, Ohio. In this Affidavit, Det. Moore indicated that McVey informed him that he is an employee of Frontier Propane, where he worked for the past nine years. According to the Moore Affidavit, McVey was at Appellant's home to carryout work on behalf of Frontier Propane. Mr. McVey indicated that he entered Appellant's home after detecting a gas leak at the residence. According to the Moore Affidavit, McVey observed very bright lights coming from a room located within the basement of the Elliott home. McVey also

went on to tell Det. Moore that he smelled what he believed to be a strong odor of marijuana. McVey further indicated that he was familiar with the smell of marijuana, and he believed that he had witnessed a grow operation for the purposes of growing marijuana.

{¶5} The same day, the court took testimony from the affiant Detective and issued the requested warrant.

{¶6} The Affidavit also stated that it was believed that Appellant's home contained evidence such as marijuana cultivation paraphernalia, marijuana plants, potting soil, fertilizer, grow lights, and other materials used for cultivation along with cash, firearms and other controlled substances used in violation of R.C. §2925.04, Cultivation of Marijuana; and R.C. §2925.14, Drug Paraphernalia.

{¶7} On July 24, 2012, officers obtained a search warrant and forced entry into Appellant's home where they discovered a marijuana growing operation. Following the execution of the search warrant, an inventory was returned for the search of Appellant's home at 7562 Elliott Road SW, Newcomerstown, Ohio.

{¶8} On October 1, 2012, as a result of the above search, Appellant was indicted by the Tuscarawas County Grand Jury for one count of Illegal Cultivation of Marijuana and one count of Possession of Drugs, in violation of R.C. §2925.11(A)(C)(3)(d) and R.C. §2925.04(A)(C)(5)(d).

{¶9} On November 19, 2012, Appellant filed a Motion to Suppress the evidence obtained in the execution of the search warrant. The case was assigned to the same Judge who issued the search warrant.

**{¶10}** On December 10, 2012, the Judge recused herself and the case was assigned to the other Common Pleas Judge.

**{¶11}** On January 25, 2013, a hearing was held regarding the Motion to Suppress.

**{¶12}** On February 22, 2013, the trial court filed an Entry overruling the Motion to Suppress. In its Entry, the trial court found "that sufficient, legal probable cause to issue the Warrant was lacking" but that "the law enforcement officials who executed the Warrant reasonably relied upon the sufficiency of the probable cause evidence supporting the issuance of the Search Warrant."

**{¶13}** On May 7, 2013, Appellant entered a plea of no contest. Appellant was sentenced on June 18, 2013.

**{¶14}** Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶15}** "I. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE RECOVERED DURING THE EXECUTION OF A SEARCH WARRANT WHICH WAS ISSUED ON INSUFFICIENT PROBABLE CAUSE."

**I.**

**{¶16}** In his sole Assignment of Error, Appellant claims the trial court erred in denying his motion to suppress the search warrant as the affidavit for the warrant was insufficient to establish probable cause. We disagree.

**{¶17}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In

reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶18} Here, an affidavit was filed with the application for the search warrant to search appellant's residence. At the conclusion of the suppression hearing in this matter, the trial court found that probable cause to issue the warrant was lacking but that the officers who executed the warrant "reasonably relied upon the sufficiency of the probable cause evidence:

**{¶19}** "FINDS that upon review of the evidence relating to the issuance of the Search Warrant in these cases, the undersigned concludes, in his judicial opinion, that sufficient, legal probable cause to issue the Warrant was lacking. Notwithstanding this opinion, the law enforcement officials who executed the Warrant reasonably relied upon the sufficiency of the probable cause evidence supporting the issuance of the Search Warrant and, consequently, its ultimate legality. The undersigned concludes that deficiency of sufficient probable cause to issue the Warrant in these cases was not, as a matter of law, so obvious to the executing officers that they lacked any objective basis to believe the issuing Judge acted on sufficient probable cause." (February 22, 2013 Judgment Entry).

**{¶20}** It is well-established that evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral judge that is ultimately found to be invalid will not be barred by the application of the exclusionary rule.

**{¶21}** In *United States v. Leon,* 468 U.S. 897 (1984)*,* the United States Supreme Court crafted a narrow exception to the exclusionary rule, stating that absent an "allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926.

**{¶22}** The Ohio Supreme Court adopted the good faith exception set forth in *Leon*, *supra*, in *State v. Wilmoth,* 22 Ohio St.3d 251, 490 N.E.2d 1236 (1986), syllabus:

**{¶23}** "1. The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. (*United States v. Leon* [1984], 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, followed.)

**{¶24}** "2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way."

**{¶25}** However, the good-faith exception to the exclusionary rule does not apply where the officer's reliance on the warrant was not objectively reasonable. "[S]uppression remains an appropriate remedy where: (1) ' * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * * '; (2) ' * * * the issuing magistrate wholly abandoned his judicial role * * * '; (3) an officer purports to rely upon ' * * * a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" '; or (4) ' * * * depending on the circumstances of the particular case, a warrant may be so facially deficient-i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid.' " *State v. George,* 45 Ohio St.3d 325, 331 (1989), quoting *Leon* at 923.

**{¶26}** In the instant case, the detective properly requested a determination by a judge on the issue of whether probable cause existed to execute the search. The good

faith of the officer(s) is also objectively reasonable because the content of the affidavit was not so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. A reasonably well-trained officer would not have known that the search was illegal despite the judge's authorization. The warrant was based on an affidavit which relied upon information provided by an indentified individual purporting to have first-hand knowledge of possible criminal activity occurring at the residence belonging to Appellant. Further, even if the warrant was invalid, as found by the trial court below, the error in issuing the warrant would be attributable to the judge, not the officers.

{¶27} Based on the foregoing, we do not find that the search warrant to have been lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable or so facially deficient that the executing officers could not reasonably presume it to be valid.

{¶28} Appellant's sole Assignment of Error is overruled.

{¶29} For the foregoing reasons, the decision of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.


By: Wise, J.

Gwin, P.J and

Farmer, J. concur.

_____

HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

JWW/d 1211

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

          Plaintiff-Appellee      :

-vs-                           :       JUDGMENT ENTRY

LEROY ELLIOTT, III          :

          Defendant-Appellant  :       CASE NO. 2013 AP 07 0028


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER